HOLMES, ADMINISTRATOR, ET AL. v. VILLAGE OF AVONDALE.

MONEY MUST BE IN TREASURY BEFORE CONTRACT AWARDED.

Section 2702, Rev. Statutes (Worthington Law), applies to villages making improvements under authority of a special act of the legislature, unless there is some clear exception contained in the act.

SWING, J.

This case is here on error to the court of common pleas. The action in that court was on a bond to recover for the failure of Holmes to enter into a contract to construct a street in the village of Avondale,

Holmes v. Village of Avondale.

the construction of which street was authorized by an act of the legislature of the state of Ohio, passed April 15, 1890 (87 O. L., page 201). Holmes was a bidder to do the work, and gave bond that if the contract was awarded to him that he would give bond to complete the work in accordance with his contract. The contract was awarded to him and he was notified, but failed to enter into the contract to do the work and give bond for its performance. A contract was made with other parties at a higher figure, and this action was prosecuted to recover damages for the failure to perform the contract. The court of common pleas awarded damages in favor of the village against Holmes and his bondsmen. This action is prosecuted to reverse that judgment.

The act under which the improvement was made provided that the village should pay one-half of the cost, and the abutting property owners the other half—the latter to pay their half in ten annual installments. The village was authorized to issue bonds.

The main question in the case depends upon whether section 2702, Rev. Stat., applies. The evidence clearly shows that the money required to pay the Holmes contract was not in the treasury of the village, and there was no certificate of the clerk that it was. No attempt was made to comply with said section—the claim being that said section had no application to this improvement.

We think it must be conceded that if this section applies, and it not having been complied with, and any contract that might have been made being void, that neither party would be liable in damages for not entering into a void contract.

Does the act apply? We think it does. The language of the act is that "no contract, agreement or other obligation, involving the expenditure of money, shall be entered into * * * unless * * * the clerk thereof shall first certify that the money required for the contract * * * is in the treasury." * * * This is broad, clear and exact, and it must apply to every contract made by a village, unless there is some exception contained in the statute creating the right to contract (either clearly expressed or necessarily implied) from other grants of power. Certain exceptions are made in this section in express terms as to cities of the second grade of the first class as to contracts for improvements similar to the one here under consideration; but there is no exception in the general law which excepts this village from its operation, and we see nothing in the law of 1890, *supra*, which in the least shows that in the entering into contract for the improvement, section 2702, Rev. Stat., was not intended to apply. Nor do we see anything in reason why it should not apply as well to contracts made under this act as to any contract of a like nature.

This is in accord with the decision of this court in the case of *Reig & Merty* v. *The Village of St. Bernard* (not reported), and which decision was affirmed by the supreme court of Ohio without report. It is also in accord with the case of *Bond* v. *Madisonville*, 1 C. D., 581, and *Drott* v. *Riverside*, 2 C. D., 565.

The judgment of the court of common pleas will therefore be reversed and the cause remanded for further proceedings.

*L. W. Goss*, for Plaintiff in Error.

*A. B. Huston* and *John W. Warrington*, for the village.